1
2
3
4
5

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

6

[Additional counsel on signature page]

7

***Attorneys for Plaintiff and the Proposed Class***

8
9

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| TAYLOR ELY, on behalf of himself, all others similarly situated and the general public,<br><br>        Plaintiff,<br>v.<br><br>F. GAVIÑA & SONS, INC., a California Corporation,<br><br>        Defendant. | Case No.:<br>Filed:<br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT [CIV. CODE §§ 1750, *et seq.*]**<br><br>**2. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW [BUS. & PROF. CODE §§ 17200, *et seq.*]**<br><br>**3. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW [BUS & PROF. CODE §§ 17500, *et seq*]**<br><br>**4. BREACH OF EXPRESS WARRANTY**<br><br>**5. BREACH OF IMPLIED WARARANTY OF MERCHANTABILITY**<br><br>**6. BREACH OF MAGNUSON-MOSS WARRANTY ACT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

1

Plaintiff, on behalf of himself, all others similarly situated, and the general public ("Plaintiff"), alleges against Defendant F. Gaviña & Sons, Inc. ("Gavina" or "Defendant") the following upon his own knowledge, or where there is no personal knowledge, upon information and belief and the investigation of his counsel:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005, because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.00 and is a class action where more than two-thirds of the members of the class are citizens of a state different from the Defendant.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2.     Personal jurisdiction is derived from the fact that the Defendant conducts business within the State of California and within this judicial district.

3.     Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2) because many of the acts and transactions, including the purchases and sales giving rise to this action, occurred in this district and because Defendant:

    (i)      is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

    (ii)    does substantial business in this district;

    (iii)   advertises to consumers residing in this district; and,

    (iv)   is subject to personal jurisdiction in this district.

## THE PARTIES

4.     At all times relevant to this matter, Plaintiff Taylor Ely was a resident of Windsor, California.

5.    On information and belief, at all times relevant to this matter, Defendant F. Gaviñia & Sons, Inc. was a California corporation that maintains its principal place of business, corporate headquarters, and residence in Vernon, California.

6.    Members of the putative class reside in California and other states in the United States.

7.    Defendant is the manufacturer, marketer, and seller of coffee products.

8.    Defendant produces, markets, and sells its coffee products throughout the United States, including California.

9.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned the Defendant and Defendant's employees were the agents, servants and employees of the Defendant, acting within the purpose and scope of that agency and employment.

10.   In addition to selling its Products on the shelf in major retail stores, Defendant sells its Products directly to any consumer in the United States online via its website, www.donfranciscos.com and www.shopdonfranciscos.com. Defendant also distributes its Products to online third party retailers for sale directly to consumers through online transactions, and to third party distributors for sale directly to consumers in each state in the United States.

## **BACKGROUND FACTS**

11.   Defendant manufactures, advertises, markets, and sells varieties of flavored coffee, branded under the Don Francisco name brand, in cans, bags, and single-serving pods (collectively the "Products").

12.   The Products are advertised and labeled as containing flavored coffees, for example, "Cinammon Hazelnut" or "Vanilla Nut".

*Ely v. F. Gaviñia & Sons, Inc.*
CLASS ACTION COMPLAINT

13.     Under California law, made applicable in this state through the State of California's incorporation of federal Food, Drug and Cosmetics Act ("FDCA") and the Food and Drug Administration's ("FDA") implementing regulations, each of these flavors as identified on the front label of the Products is referred to as the "characterizing flavor" of the product. 21 CFR § 101.22.

14.     Pursuant to California and FDA regulations, a product's front label must disclose explicitly and prominently whether the product's characterizing flavor is created through the use of natural or artificial ingredients.  The words "artificial" or "artificially flavored" must appear with the name of the characterizing flavor in the type size specified and with no intervening text.  *Id.*

15.     Defendant's Products' characterizing flavors are not created by use of the natural ingredients suggested by the Products' labels.  Each Products' respective ingredient list discloses that it is instead flavored with compounds identified as "natural and/or artificial flavor." These Products in fact owe their characterizing flavors to Defendant's covert use of artificial flavors.

16.     The front of the Products' packaging does not accurately or lawfully disclose this critical fact, as required by law.

17.     Instead, Defendant's entire packaging, labeling, and marketing scheme is intended to give consumers the false or deceptive impression that they are buying a premium, naturally-flavored, "gourmet" product.

18.     Defendant uses phrases like, "VANILLA NUT" superimposed over a photograph of a vanilla bean pod and vanilla bean flower, and phrases such as "tantalizing aromas of creamy vanilla & freshly roasted nuts," "Lively Flavors: Don Francisco's has discovered a way to balance the taste of freshly-roasted coffee with the bouquet of lively flavorings, you'll discover that the appetizing aromas of roasted nuts, zesty cinnamon, butterscotch or creamy vanilla will bring your coffee experience to new heights of satisfaction," and other representations on the

4

Product's front label to suggest to the consumer that this is a superior product with premium, natural ingredients.

19.     In fact, the Products are inexpensive coffees with added artificial flavoring.

20.     Plaintiff, who was deceived by Defendant's unlawful conduct, brings this action to remedy Defendant's unlawful acts.

21.     Plaintiff purchased and consumed the Cinnamon Hazelnut and Vanilla Nut Products multiple times in California during the Class Period defined herein.

22.     On behalf of the class as defined herein, Plaintiff seeks an order compelling Defendant to, inter alia: (1) cease manufacturing, distributing, and selling the Product in packaging that fails to comply with FDA regulations and California consumer protection laws; (2) conduct a corrective advertising campaign, including notice to the class; (3) destroy all misleading and deceptive packaging materials; (4) award Plaintiff and other Class-members restitution; and (5) pay Plaintiff's costs, expenses, and attorney fees.

## FACTS

23.     This is a consumer protection class action lawsuit on behalf of purchasers of Defendant's flavored coffees under the Don Francisco's brand name (collectively, the "Products").

24.     Defendant manufactures, advertises, distributes and sells its Products in major retail stores throughout California and each state in the United States, including directly to consumers online.

25.     Defendant primarily advertises and promotes its Products through labeling claims on the front of the Products' package.  Label descriptions on the Products' packaging, taken as a whole, represent that there are various benefits and characteristics to the Products.  *See* Ex. 1 for exemplars of some of the Products' canned packaging.

26.     Defendant's advertising of its Products is also the subject of an extensive and comprehensive marketing campaign in various media including the Internet.

27.     During the class period, Plaintiff was exposed to and saw Defendant's claims about the Cinnamon Hazelnut and Vanilla Nut Products, which expressly and impliedly asserted that the Products contained natural flavors as their characterizing flavors, as the following photographs indicate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



*Ely v. F. Gaviña & Sons, Inc.*
CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



22    28.    During the Class Period, Plaintiff routinely purchased Defendant's
23  Cinammon Hazelnut and Vanilla Nut Products at Big John's Market in Healdsburg
24  and other similar grocery stores near his home in Windsor, California for
25  approximately $15.00 for each 12-ounce ground coffee can purchase.  Plaintiff is a
26  consumer as described herein.
27
28

8

29.    In purchasing Defendant's flavored coffee Products, Plaintiff relied upon the various representations Defendant made on the Product's label, including but not limited to:  "VANILLA NUT," "CINNAMON HAZELNUT," "the sweet zest of cinnamon sticks and smooth aroma of hazelnuts," "tantalizing aromas of creamy vanilla & freshly roasted nuts," "Lively Flavors:  Don Francisco's has discovered a way to balance the taste of freshly-roasted coffee with the bouquet of lively flavorings, you'll discover that the appetizing aromas of roasted nuts, zesty cinnamon, butterscotch or creamy vanilla will bring your coffee experience to new heights of satisfaction," plus large photographs of a vanilla bean pod, vanilla bean flower, photographs of cinnamon sticks and actual hazelnuts superimposed behind the front of pack labeling representations, to suggest to the consumer that these were superior Products with premium, natural ingredients and natural flavors. *See also* Ex. 1.

30.    Defendant's Products, however, only reveal on the back of the packaging, in small print and unconnected to the front-of-pack images and words, where a consumer was not likely to notice, that the Products actually contain "natural and/or artificial flavors."  The use of the words "and/or" indicate that Defendant itself does not know if it is including actual or artificial flavoring in the Products on a regular basis, or does know but feels it does not have to provide the truth to consumers.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



10



"Each coffee-growing country offers many grades of coffee, some excellent and some not. But a country's reputation is always built on its very best grade. Many brands mix poor-quality coffee beans with good ones to keep costs down. That's why a coffee lover can be so pleased with one cup, and so disappointed with another.
We never mix the quality of coffee. We choose the very highest grade of beans from the best coffee-growing countries, and we keep them pure. Then we roast them in a way that brings out their unique flavor, just the way my family has for over 135 years.
So if you want coffee that's built the reputation, it's inside. We hope each country's best will give you the pleasure only a great cup of coffee can."
SUSTAINABILITY
DON FRANCISCO TAUGHT US TO RESPECT AND HONOR THE LAND AND ITS PEOPLE. THAT PRINCIPLE IS IN EVERY ASPECT OF OUR BUSINESS TODAY. WE ARE COMMITTED TO IMPROVING THE WAY OUR COFFEE-GROWING PARTNERS CARE FOR THEIR LAND, AND TO ENRICHING THEIR COMMUNITIES THROUGH EDUCATION AND HEALTHCARE PROGRAMS.
LIVELY FLAVORS
DON FRANCISCO'S HAS DISCOVERED A WAY TO BALANCE THE TASTE OF FRESHLY-ROASTED COFFEE WITH THE BOUQUET OF LIVELY FLAVORINGS. YOU'LL DISCOVER THAT THE APPETIZING AROMAS OF ROASTED NUTS, ZESTY CINNAMON, BUTTERSCOTCH, OR CREAMY VANILLA WILL BRING YOUR COFFEE EXPERIENCE TO NEW HEIGHTS OF SATISFACTION.
100% ARABICA
OF THE TWO MAIN VARIETIES OF COFFEE, ARABICA BEANS BREW A MORE AROMATIC AND FLAVORFUL BEVERAGE. THE GREAT COFFEES OF THE WORLD, SUCH AS COLOMBIAN AND KONA, ARE ARABICAS. THESE MORE-FLAVORFUL BEANS APPEAR IN STORES AS WHOLE BEAN AND IN HIGH-QUALITY GROUND COFFEES

31.   Generally, Defendant advertises its Products through misrepresentations and omissions, as discussed above.

32.   In purchasing the Products, Plaintiff and consumers reasonably relied upon the various representations Defendant makes on the Product's packaging label and its prevalent advertising campaign, including online advertising, as described herein. *See* Ex. 1; Ex. 2 for picture of one of Defendant's web site pages.

33.   Defendant knows there may be zero natural flavors in its Products, and has recklessly labeled all the back packaging of its flavored ground coffees Products as containing "natural and/or artificial flavors" rather than distinctly informing consumers which coffees do not contain vanilla bean pods, natural cinnamon, natural hazelnut, and the like.

34.   Accordingly, the Products are unlawfully, falsely or deceptively advertised to consumers.

35.   At all times relevant herein, Defendant had a duty to disclose additional information to purchasing consumers, to correct all misunderstandings its omissions and misrepresentations created in the minds of those consumers.

36.   Don Francisco's flavored coffee Products are a popular, widely selling brand throughout the United States.  Hence, Defendant's unfair and deceptive practices have enriched them by millions of dollars, at the expense of hundreds of thousands of Americans.

37.   Absent the material misrepresentations and omissions described herein, which are material to an average consumer, Plaintiff and other consumers would not have purchased the Products or would not have paid the price they did.

38.   In purchasing Products that were falsely or deceptively advertised, Plaintiff suffered injury in fact in the form of the lost purchase price of the Products.

39.   Plaintiff seeks justice for himself and similarly-situated consumers of the Products, by means of this action to enjoin the ongoing deceptive practices described herein.

40.   Defendant's marketing and promotion of the Products was supported by false and misleading claims containing material omissions and misrepresentations.

41.   When purchasing the Products, Plaintiff and the class were seeking coffee goods that would provide the benefits and characteristics that Defendant marketed, promised, represented and warranted.

42.   Plaintiff and the class purchased the Products believing they had the qualities they sought, based on the Products' deceptive or false labeling, but the Products were actually unacceptable to them as they did not possess the benefits, endorsements, proof, and characteristics as advertised.

43.   Moreover, like all reasonable consumers and members of the class, Plaintiff considers a label's compliance with the law a material factor in his purchasing decisions.  Plaintiff is generally aware that the federal government carefully regulates food products and therefore has come to trust that information conveyed on packaged food product labels is truthful, accurate, complete, and fully in accordance and compliance with the law.  As a result, Plaintiff trusts he can compare competing products on the basis of their labeling claims, to make a purchasing decision.

44.   Like all reasonable consumers and members of the classes, Plaintiff would not purchase a food product he knew was misbranded under federal law, *see* 21 U.S.C. § 343, which the federal government prohibits selling, *id.* § 331, and which carries with its sale criminal penalties, *id.* § 333.  Plaintiff could not trust that the label of a product misbranded under federal law is truthful, accurate and complete.

45.    In light of the foregoing, reasonable consumers, including Plaintiff and other members of the class, were and are likely to be deceived by Defendant's advertising and marketing practices as detailed herein.

46.    Further, Plaintiff and other members of the class purchased the Products instead of competing products based on the false statements, misrepresentations and omissions described herein.

47.    Instead of receiving a product that had the benefits, advantages, endorsements, proof, and characteristics as advertised, Plaintiff and other members of the class received a product worth much less, or which was worthless, since the Products do not possess the characteristics, benefits, and quality as advertised by Defendant.

48.    Plaintiff lost money as a result of Defendant's deception in that Plaintiff did not receive what he had paid for.

49.    Plaintiff altered his position to his detriment and suffered damages in an amount equal to the amount he paid for the Products over the class period.

## DEFENDANTS' COMPETITORS LABEL THEIR PRODUCTS LAWFULLY

50.    Defendant not only deceives consumers but also gains an unfair commercial advantage in the marketplace by unlawfully and deceptively labeling their Products.

51.    Manufacturers of competing flavored coffee products have responsibly decided to correctly label their products.  For example, Melitta's Café de Europa blends are honestly and lawfully labeled.  Folgers, Dunkin Donuts, Maxwell House, and General Foods, to name a few, all lawfully, accurately, and prominently label their flavored coffee products as artificially flavored.

52.    Indeed, Defendant itself manufactures and labels certain of its flavored coffee products correctly, as shown in the below photo:

14

1
2
3
4
5
6
7
8
9
10
11
12
13



14   53.   The above picture of the single serve "pod" packaging for "Family
15   Reserve" flavored coffee shows that "natural and artificial flavor" is properly
16   included on the front, below the "Vanilla Nut" advertising, in a font size that
17   appear to comply with California law and FDA implemental regulations.   But
18   Defendant does not do this for its canned or bagged flavored ground coffee
19   Products.

20   54.   Other competing manufacturers, offering products whose labels
21   suggest as Defendant's do that their products are naturally flavored, truly are
22   flavored only with natural ingredients.

23   55.   Defendant, however, elects instead to conceal their use of artificial
24   flavoring in the Products in order to deceive a certain targeted audience of
25   consumers, unlawfully cut costs and increase profits, and compete unfairly and
26   unlawfully in the marketplace.

27   56.   Defendant's conduct therefore also injures competing manufacturers
28   of flavored coffees, both those that are artificially flavored and those that are

naturally flavored, that do not engage in the same unlawful, unfair, and immoral behavior.  All of these manufacturers compete for market share and limited retail shelf space for such products. Defendant's competitors do so lawfully.  Defendant does not.

## DELAYED DISCOVERY

57.    Plaintiff and class members did not discover that Defendant's labeling of the Products was false, deceptive, or misleading until approximately March 2016, when they learned the Products contained artificial flavoring.  Until this time, they lacked knowledge regarding the facts of their claims against Defendant.

58.    Plaintiff and the class consists of reasonably diligent consumers who exercised reasonable diligence in their purchase, use, and consumption of the Products. Nevertheless, they would not have been able to discover Defendant's deceptive practices and lacked the means to discover them given that, like nearly all consumers, they rely on and are entitled to rely on a manufacturer's obligation to label its products in compliance with federal regulations and state law.

59.    Furthermore, Defendant's labeling practices and non-disclosures—in particular, failing to disclose that the Products contain artificial flavoring—impeded Plaintiff's and Class members' abilities to discover the deceptive and unlawful labeling of the Product throughout the Class Period.

## CLASS ACTION ALLEGATIONS

60.    Pursuant to Rules 23(a), (b)(3) and/or (b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and a California consumer class, provisionally defined as follows:

All purchasers of Defendant's flavored ground Don Francisco coffee Products, including, but not limited to, the following flavors: Vanilla Nut, Cinnamon Hazelnut, Hawaiian Hazelnut, Caramel Cream, Butterscotch Toffee, Caramel Spiced Rum, Frosted Oatmeal Cookie,

16

L'Orange, Butterscotch, Chocolate, Chocolate Raspberry, Coconut Cream, Cookies & Cream, Crème D'Irlande, French Caramel, French Vanilla, Hazelnut Cream, Macadamia Nut, Nutty Doodle, Vienna Cinammon, in all size and package iterations, for personal or household use and not for resale, in California from May 18, 2006 to the present (the "Class Period").  Excluded from the consumer class are governmental entities, the Defendant, any entity in which the Defendant has a controlling interest, its employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, including parent corporations, class counsel and their employees; and the judicial officers and their immediate family members and associated court staff assigned to this case.

61.    The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, however, Plaintiff believes the total number of Class members is at least in the hundreds of thousands of persons in the State of California and other states in the United States.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

62.    Pursuant to Rule 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief and damages as to its Products appropriate with respect to the Class as a whole.  In particular, Defendant has failed to disclose the true nature of the Products being marketed and distributed, as detailed herein.

63.     There is a well-defined community of interest in the questions of law and fact involved affecting the Plaintiff and the Class and these common questions of fact and law include, but are not limited to, the following:

a.  Whether the claims discussed above are true, misleading, or reasonably likely to deceive;

b.  Whether Defendant's alleged conduct violates public policy;

c.  Whether the alleged conduct constitutes violations of the laws asserted herein;

d.  Whether Defendant engaged in false or misleading advertising;

e.  Whether the Plaintiff and Class members are entitled to declaratory and injunctive relief.

64.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by the Defendant's common course of conduct since they all relied on Defendant's representations concerning its Products and purchased the Products based on those representations.

65.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation in general and food labeling claims, in particular. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

66.     Plaintiff and the members of the Class suffered and will continue to suffer harm as a result of the Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class is impracticable. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the

18

individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

67.    Adjudication of individual Class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT

### *California Civil Code §§ 1750, et seq.*

### (On Behalf of Plaintiff and the Class, as Against Defendant)

68.    Plaintiff repeats, realleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

69.    This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq*. (the "Act").  Plaintiff and the members of the Class are consumers as defined by California Civil Code § 1761(d).  The Products are goods within the meaning of the Act.

70.    Defendant violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions

with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Products:

- Representing that [the Products have]…characteristics, ingredients, uses, benefits or quantities which [the Products] do not have. (Civ. Code, § 1770, subd. (a) (5).)

- Representing that [the Products] are of a particular standard, quality or grade… if they are of another.  (Civ. Code, § 1770, subd. (a) (7).)

- Advertising [Products] …with intent not to sell them as advertised. (Civ. Code, § 1770, subd. (a) (9).)

- Representing that [the Products] have been supplied in accordance with a previous representation when it has not.  (Civ. Code, § 1770, subd. (a) (16).)

71.   Defendant violated the Act by representing through advertising of the Products as described above, when they knew, or should have known, that the representations and advertisements were false or misleading.

72.   Plaintiff and members of the Class reasonably relied upon the Defendant's representations as to the quality and attributes of the Products.

73.   Plaintiff and other members of the Class were deceived by Defendant's representations about the quality and attributes of the Products, including but not limited to the purported ingredients in the Products, taken as a whole.  Plaintiff and other Class members would not have purchased the Products, or not paid as much for them had they known the Defendant's claims were untrue, and had they known the true nature of the Products.

74.   Pursuant to section 1782 *et seq*. of the Act, Plaintiff notified the Defendant in writing by certified mail of the particular violations of § 1770 of the Act as to their Products and demanded the Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act.  Defendant's wrongful business practices regarding the

Products constituted, and constitute, a continuing course of conduct in violation of the California's Consumers Legal Remedies Act since Defendant are still representing that the Products have characteristics, uses, benefits, and abilities which are false and misleading, and have injured Plaintiff and the Class. A copy of Plaintiff's letter is attached as **Exhibit 3** hereto.

75.    Pursuant to California Civil Code §§ 1780(a), 1782(d), Plaintiff and the Class seek an order of this Court enjoining the Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law.

76.    Plaintiff will amend his Complaint to allege damages and other remedies available to him under the CLRA following the expiration of the time period specified under the Act if Defendant does not modify its wrongful acts and practices with respect to their Products.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

*California Business and Professions Code §§ 17200, et seq.*

**(On Behalf of Plaintiff and the Class, as Against Defendant)**

77.    Plaintiff repeats, realleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

78.    California's Unfair Competition Law, Business and Professions Code § 17200 (the "UCL") prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising in violation of the UCL.

79.    The UCL also prohibits any "unlawful… business act or practice." Defendant violated the UCL's prohibition against engaging in unlawful acts and practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully herein, and by violating among others, California Civil Code

§§ 1572, 1573, 1709, 1710, 1711, 1770, California Health and Safety Code §§ 109875, *et seq.* ("Sherman Law"), Cal. Bus. & Prof. Code §§ 12601, *et seq.* ("Fair Packaging and Labeling Act"), California Commercial Code § 2313(1), and the common law.  Such conduct is ongoing and continues to this date.

80.     Defendant's conduct is unlawful because it violates 21 C.F.R. § 101.22(c) (as incorporated in California under the Sherman Law, which mirrors the federal Food, Drug and Cosmetic Act and all its implementing regulations), which requires all foods containing artificial flavoring to include:

A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

81.     Defendant's conduct is unlawful because it violates, *inter alia*, 21 C.F.R. § 101.22(c) and 21 C.F.R. § 101.22(i) (as incorporated into California law via the Sherman Law), which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the product's front label.

82.     Defendant further violates the implementing regulation, 21 C.F.R. § 1.21 and California law, because the Product's front label fails to reveal material facts, namely that the Product's characterizing flavor is created by artificial flavoring, which is false and deceptive under the California Sherman Law and California consumer fraud laws, such as the CLRA.

83.     Defendant' conduct is further unlawful as it violates California food labeling regulations, *inter alia*, 21 C.F.R. § 102.5 (as incorporated in California via the Sherman Law), because the Products' labels do not include:

a statement of the "presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or

component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present when it is not, and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food. 21 C.F.R. § 102.5(c).

84.     Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices.

85.     California Business and Professions Code § 17200 also prohibits any "unfair… business act or practice."

86.     Defendant's acts, omissions, misrepresentations, practices and nondisclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Such conduct is ongoing and continues to this date.

87.     Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California and other states resulting in harm to consumers. Plaintiff asserts violation of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of the UCL. Such conduct is ongoing and continues to this date.

88.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. For example, Defendant's competitors lawfully label their flavored coffees, as discussed herein.

89.     The UCL also prohibits any "fraudulent business act or practice."

90.     Defendant's claims, nondisclosures (i.e., omissions), and misleading statements, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of the UCL.  Such conduct is ongoing and continues to this date.

91.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other members of the Class.  Plaintiff has suffered injury in fact as a result of Defendant's unfair conduct.

92.     Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff and the Class to injunctive relief against Defendant, as set forth in the Prayer for Relief.

93.     Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

94.     Plaintiff and the class also seek an order for the disgorgement and restitution of all monies from the sale of Defendant's Products, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW

*California Business and Professions Code §§ 17500, et seq.*

**(On Behalf of Plaintiff and the Class, as Against Defendant)**

95.     Plaintiff repeats, realleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

96.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff purchased the Products in reliance upon

24

Defendant's marketing claims.  The Products were not as advertised, nor did they contain the promised benefits and qualities sought.

97.    Defendant's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to California Business and Professions Code §§ 17500, *et seq.* because Defendant has advertised their Products in a manner that is untrue or misleading, or that is known to Defendant to be untrue or misleading.

98.    Defendant's wrongful business practices have caused injury to Plaintiff and the Class.

99.    Pursuant to section 17535 of the California Business and Professions Code, Plaintiff and the Class seek an order of this court enjoining the Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in the complaint.

100.    Plaintiff and the Class also seek an order for the disgorgement and restitution of all monies from the sale of Defendant's Products, which were unjustly acquired through acts of unlawful, unfair, deceptive and/or fraudulent competition.

## **FOURTH CAUSE OF ACTION**
### **BREACH OF EXPRESS WARRANTY**
**(On Behalf of Plaintiff and all Class Members, as Against Defendant)**

101.    Plaintiff repeats, realleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

102.    On the Products' labels and through their marketing campaign as described above, Defendant made affirmations of fact or promises, or description of goods, which formed "part of the basis of the bargain" at the time of purchase. *See*, *e.g.*, Ex. 1.

103.   Specifically as to the Vanilla Nut and Cinnamon Hazelnut Products, Defendant warranteed that the Products contained "VANILLA NUT," and "CINNAMON HAZELNUT," and also represented the Products were created through "the sweet zest of cinnamon sticks and smooth aroma of hazelnuts," "tantalizing aromas of creamy vanilla & freshly roasted nuts," "Lively Flavors: Don Francisco's has discovered a way to balance the taste of freshly-roasted coffee with the bouquet of lively flavorings, you'll discover that the appetizing aromas of roasted nuts, zesty cinnamon, butterscotch or creamy vanilla will bring your coffee experience to new heights of satisfaction," all of which led Plaintiff and the Class to believe the Products contained natural flavors to evoke such advertising claims.

104.   In addition, Defendant warranteed and represented to the Plaintiff and the Class that the Vanilla Nut and Cinnamon Hazelnut Products possessed certain natural characteristics, quality and benefits through the use of large photographs of a vanilla bean pod, vanilla bean flower, photographs of cinnamon sticks and actual hazelnuts superimposed behind the front of pack labeling representations, to suggest to the consumer that these were superior Products with these premium, natural ingredients.

105.   The warranties were breached because the Products did not live up to their warranties, and that breach caused injury in the form of the lost purchase price for the Products.  *See* Cal. Com. Code § 2313(1); *see also Zwart v. Hewlett-Packard Co.*, 2011 WL 3740805 (N.D. Cal., Aug. 23, 2011) (holding that online assertions can create warranties).

106.   As a result of Defendant's breach of their warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Products they purchased.

1

**FIFTH CAUSE OF ACTION**

2

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

3

**(On Behalf of Plaintiff and the Class, as Against Defendant)**

4

107.   Plaintiff repeats, realleges and incorporates by reference each and

5

every allegation contained above as if fully set forth herein.

6

108.   Defendant, through their acts and omissions as set forth herein, in

7

their sale, marketing and promotion of their Products, made representations to

8

Plaintiff and the members of the Class that their Products provided the represented

9

benefits and qualities as described herein.

10

109.   Plaintiff and the Class bought the Products manufactured, advertised

11

and sold by Defendant.

12

110.   Defendant is a merchant with respect to the goods of this kind which

13

were sold to Plaintiff and the Class, and there was in the sale to Plaintiff and other

14

members of the Class an implied warranty that those goods were merchantable.

15

111.   However, Defendant breached that warranty implied in the sale of

16

goods in that their Products do not provide the purported benefits and qualities, as

17

set forth in detail herein.

18

112.   As a result of Defendant's conduct, Plaintiff and the Class did not

19

receive goods as impliedly warranted by Defendant to be merchantable in that they

20

did not conform to the promises and affirmations made on the container or label of

21

the goods.

22

113.   Plaintiff and the Class have sustained damages as a proximate result

23

of the foregoing breach of implied warranty in an amount to be determined at trial.

24

**SIXTH CAUSE OF ACTION**

25

**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT,**

26

**15 U.S.C. §§ 2301, *et. seq*.**

27

**(On Behalf of Plaintiff and the Class, as Against Defendant)**

28

27

114.   Plaintiff repeats, realleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

115.   Plaintiff brings this claim individually and on behalf of the members of the Class.  Plaintiff asserts state law warranty claims arising under the laws of the State of California.

116.   In addition, Defendant's Products are consumer products as defined in 15 U.S.C. § 2301(1).

117.   Plaintiff and the other Class members are consumers as defined in 15 U.S.C. § 2301(3).

118.   Defendant is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

119.   In connection with the sale of the Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the Products possessed certain attributes and qualities, as described herein, when in fact, these Products did not possess said attributes, benefits, and qualities.

120.   By breaching the express written warranties as described herein, Defendant violated the statutory rights of Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq., thereby damaging Plaintiff and other Class members.

121.   Plaintiff notified the Defendant in writing of their claims and that the Plaintiff is acting on behalf of the Classes.  *See* Ex. 3.

## **PRAYER FOR RELIEF**

122.   Wherefore, Plaintiff, on behalf of himself, all others similarly situated and the general public, pray for judgment against the Defendant as to each and every cause of action, including:

A.   An order declaring this action to be a proper Class Action and requiring Defendant to bear the costs of Class notice;

B.      An order awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein;

C.      An order awarding restitution and disgorgement of Defendant's revenues from the Products to Plaintiff and the proposed Class members, under the UCL and FAL;

D.      An order awarding damages under Plaintiff and the Class' Warranty claims for relief;

E.      An order compelling Defendant to engage in a corrective advertising campaign to inform the public concerning the true nature of their Products;

F.      An order awarding attorneys' fees and costs to Plaintiff and the Class;

G.      An order providing for all other such equitable relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:      May 18, 2016          */s/ Ronald A. Marron*
                                 By: Ronald A. Marron
                                 **LAW OFFICES OF RONALD A.**
                                 **MARRON, APLC**
                                 RONALD A. MARRON
                                 SKYE RESENDES
                                 651 Arroyo Drive
                                 San Diego, California 92103
                                 Telephone: (619) 696-9006
                                 Facsimile: (619) 564-6665

29

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*elliot.david@hotmail.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997

***Attorneys for Plaintiff and the Proposed
Class***

30